**Herbert Ray GORMONG,**
**Plaintiff-Appellant,**

v.

**LOCAL UNION 613, IBEW, Harry Bexley, Slim Ellington, Charles H. Pillard and Dan H. Waters, Defendants-Appellees.**

No. 83–8373.

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1983.

James T. Langford, Atlanta, Ga., for IBEW, Pillard and Waters.

Alford Wall, Roswell, Ga., for Local Union 613, Bexley and Ellington.

Before HILL, KRAVITCH and CLARK, Circuit Judges.

BY THE COURT:

This case is before the court on appellant's motion to file brief out of time. The motion is DENIED. In reviewing the file, we note that on April 21, 1983, the district court granted plaintiff's unopposed motion to dismiss his action without prejudice pursuant to Fed.R.Civ.P. 41(b). On April 22, 1983, the Clerk of the District Court entered a final judgment in favor of the defendants and against the plaintiff, which was obviously a mistake. On May 20, 1983, plaintiff filed his notice of appeal, bringing the case to this court.

On May 24, 1983, the district court sua sponte entered an order vacating the judgment pursuant to Fed.R.Civ.P. 60(a). While the district court was correct in its reliance on Rule 60(a) for the purposes of correcting the erroneous judgment, it apparently overlooked the fact that an appeal had been docketed in this court. Rule 60(a) provides that:

> During the pendency of an appeal, such mistakes may be so corrected *before* the appeal is docketed in the appellate court, and *thereafter* while the appeal is pending may be so corrected with the leave of the appellate court. (emphasis added)

The order of the district court was entered at a time when technically the district court did not have jurisdiction of this case, jurisdiction having been transferred to this court. The facts in this case are similar to those in *Huey v. Teledyne, Inc.*, 608 F.2d 1234 (9th Cir.1979). In that case the appellate court found that because the district court was powerless to correct its earlier order, the circumstances required a remand so that the district court could enter a valid order. *Id.* at 1237.

We are therefore relinquishing jurisdiction of this case to the United States District Court for the entry of an order vacating the judgment erroneously entered on April 22, 1983. Upon entry of that order, and receipt of a copy of it in the file of this court, the Clerk shall dismiss this appeal.

REMANDED for entry of order vacating erroneous judgment, whereupon the case is DISMISSED in this court.