848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOMINO'S PIZZA, a Michigan Corporation; Domino's Pizza,
Plaintiffs-Appellees, Cross-Appellant
v.
Robert V. SEYMOUR; Robert V. Seymour; The Sigma Fund
Trust, Defendants- Appellees, Cross-Appellants,
and
Patricia A. Holmes, Defendant-Appellant.
 Nos. 88-1097, 88-1151, 88-1152 and 88-1259.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 On March 17, 1988 and March 24, 1988, this Court directed the parties to show cause with appropriate affidavits and/or documentation why this matter should not be dismissed for lack of jurisdiction since the cross-claims of Seymour and Holmes had not been disposed of. The parties have responded and the show cause orders are hereby discharged.
 
 
 2
 From the events which followed entry of the show cause orders, it is apparent that the district court and the parties believed the December 11, 1987 order from which these appeals are taken had disposed of all the claims below. Upon learning otherwise, the district court sua sponte amended the order on appeal by adding a paragraph that dismissed the remaining cross-claims between Holmes and Seymour.
 
 
 3
 However, the district court overlooked the provision of Rule 60(a) which required that leave of the appellate court be obtained before it corrected its earlier order. Rule 60(a) provides that:
 
 
 4
 During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 
 
 5
 The district court amended its order at a time when it did not have jurisdiction to do so, jurisdiction having been transferred to this Court. The March 29, 1988 order, therefore, is of no effect. Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1326 (5th Cir.1985); Miller v. United States Postal Service, 729 F.2d 1033, 1035 (5th Cir.1984); Gormong v. Local Union 613, IBEW, 714 F.2d 1109, 1110 (11th Cir.1983) (per curiam). Although we could grant leave to the district court for reentry of the March 29 order, we decline to do so since the opinion and order from which the appeal was taken did not address Holmes' or Seymour's cross-claims. Further, there was no motion to dismiss these claims or for summary judgment on them. Thus, those parties received no notice that their cross-claims would be dismissed.
 
 
 6
 Since the order of December 11, 1987 was not certified for interlocutory review under Fed.R.Civ.P. 54(b), its failure to dispose of the cross-claims deprives the Court of jurisdiction to hear this matter. See Moody v. Kapica, 548 F.2d 133 (6th Cir.1976) (per curiam); Oak Const. Co. v. Huron Cement Co., 475 F.2d 1200 (6th Cir.1973).
 
 
 7
 It is ORDERED that appeal number 88-1097 and cross-appeal numbers 88-1151, 88-1152 and 88-1259 are dismissed for lack of jurisdiction. It is further ORDERED that Holmes' motion to stay the appeal is dismissed as moot. This matter is remanded to the district court for appropriate disposition of the cross-claims and entry of a final judgment to be set forth on a separate document. See Fed.R.Civ.P. 58.