IN RE the PATERNITY OF M.T.H. and State of
Wisconsin, Respondents,

v.

A.G.R., Jr., Appellant.

Court of Appeals

*No. 86–1688. Submitted on briefs May 27, 1987.—Decided July
28, 1987.*

(Also reported in 412 N.W.2d 164.)

For the appellant, there were briefs submitted by *Jack E. Schairer,* assistant state public defender of Madison.

For the respondents, there was a brief submitted by *David Vernon Penn,* district attorney of Eagle River.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. A.G.R., Jr. (defendant) appeals a nonfinal order reopening a judgment that had dismissed with prejudice a paternity action against him. The trial court granted relief from the judgment pursuant to sec. 806.07(1)(a) and (g), Stats., on the ground of "[m]istake, inadvertence, surprise, or excusable neglect," and because it was "no longer equitable that the judgment should have prospective application." Because we conclude that the trial court properly applied sec. 806.07(1)(a), we affirm and remand for further proceedings.

The pertinent facts are undisputed. In 1985, C.M.H. (mother) gave birth to M.T.H. (child). Shortly after the child's birth, a summons and petition for adjudication of paternity were filed in Vilas County, alleging that the defendant had fathered the child. After several months, the defendant's attorney and the Vilas County District Attorney stipulated to a dismissal because the mother planned to move to Texas and marry another man who intended to adopt the child. The defendant's attorney drafted a motion and order reflecting the stipulation but providing that the action be dismissed "on its merits with prejudice." The district attorney signed the stipulation, and Judge Mohr signed the order on March 17, 1986.

The mother and child, however, never moved to Texas as planned, and the adoption never took place. On July 30, the district attorney moved to reopen the suit, claiming that he had inadvertently overlooked the "with prejudice" language when he signed the stipulation. After a September 3 hearing, the trial court granted the motion to reopen, citing sec. 806.07(1)(a) and (g). We granted the defendant's motion for leave to appeal.

The defendant first attacks the trial court's jurisdiction to entertain a motion to reopen the judgment. The defendant asserts that a dismissal with prejudice gives a defendant the full legal relief to which he or she is entitled and is tantamount to a judgment on the merits. *See Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir. 1985). We find no fault with this premise. However, the defendant then concludes that the prejudicial dismissal's similarity to a judgment on the merits deprives the court of jurisdiction to grant relief from such a judgment. The defendant cites cases from other jurisdictions supporting this conclusion.[1] We are not persuaded.

Neither the defendant's initial argument nor the nonbinding precedent he cites acknowledges the existence of sec. 806.07. Section 806.07(1) specifically provides in part:

> On motion and upon such terms as are just, the court may relieve a party ... from a judgment, order or stipulation for the following reasons:

---

[1] In his brief to this court, the defendant relies on a Florida Court of Appeals opinion for the proposition that "after a party dismisses an action with prejudice, the trial court no longer has jurisdiction to modify the wording 'with prejudice,' even if it were due to secretarial error or excusable neglect." *Anderson v. Watson,* 475 So. 2d 1315, 1316 (Fla. Dist. Ct. App. 1985). Although not well-reasoned, the opinion is superficially compelling because of factual similarities to the case before us. However, the defendant apparently neglected to note that the decision was overruled and its rationale criticized by the Florida Supreme Court. *Watson v. Anderson,* 492 So. 2d 1046, 1047 (Fla. 1986); *see also Miller v. Fortune Ins. Co.,* 484 So. 2d 1221, 1224 (Fla. 1986) (quashing a similar decision by the Second District Court of Appeals that asserted the trial court had no jurisdiction to reopen a judgment after voluntary dismissal with prejudice). We note with disapproval that these subsequent opinions were decided at least eight months before the defendant filed his brief with this court.

(a)  Mistake, inadvertence, surprise, or excusable neglect; . . . .

This statutory language makes no exception for voluntary dismissals with prejudice. Defendant cites no Wisconsin authority indicating any judge-made exceptions to the statute's plain language. Accordingly, the defendant has demonstrated no reason to treat a dismissal with prejudice any differently from any other variety of judgment, order or stipulation. Indeed, an erroneous dismissal with prejudice, equivalent in all practical respects to an adjudication on the merits, is a greater inequity than an inadvertent but less drastic judgment, order or stipulation. The finality of a prejudicial dismissal, rather than relieving the trial court of jurisdiction, makes more compelling the necessity of granting relief from a judgment founded on mistake. We thus conclude that sec. 806.07 provides a court with jurisdiction to relieve a party from a voluntary dismissal with prejudice.

Anticipating such a result, the defendant maintains that any relief granted under sec. 806.07 may not affect a final judgment. The defendant cites language in sec. 806.07(2) providing that "[a] motion under this section does not affect the finality of a judgment or suspend its operation." The defendant confuses a motion for relief with the actual relief granted pursuant to such a motion. If subsec. (2) were read to bar a court from granting relief affecting a judgment's finality or operation, the entire statute would be rendered ineffectual. Such an unreasonable result is to be avoided. *See State v. Yellow Freight System, Inc.*, 101 Wis. 2d 142, 152–53, 303 N.W.2d 834, 839–40 (1981).

We thus conclude that the court had jurisdiction to entertain a motion to grant relief from the judgment under sec. 806.07. We must next consider whether the court properly applied that section. Accordingly, we look to the court's finding of "[m]istake, inadvertence, surprise, or excusable neglect," pursuant to subsec. (1)(a). The trial court's decision on a motion to reopen is discretionary and will not be reversed on appeal unless the trial court abused its discretion. *See Martin v. Griffin,* 117 Wis. 2d 438, 442, 344 N.W.2d 206, 209 (Ct. App. 1984).

The defendant first argues that the district attorney's alleged inadvertence in signing the stipulation to dismiss with prejudice was not excusable neglect. We agree. Excusable neglect is that neglect that might have been the act of a reasonably prudent person under the same circumstances. *Giese v. Giese,* 43 Wis. 2d 456, 461, 168 N.W.2d 832, 834 (1969). It is not synonymous with neglect, carelessness or inattentiveness. *Id.* We conclude that an attorney's submitting to a stipulation to dismiss a paternity action with prejudice on the basis of an expected marriage and adoption that had not taken place is inexcusable neglect. Signing a stipulation that had the same legal effect as an adjudication of nonpaternity was an act of carelessness or inattentiveness.

The trial court, on the other hand, was justified in relying on the vigilance of the opposing attorneys when it signed the order, assuming it reflected the true character of the intended judgment. Relief from a judgment may be premised on an error of the court. *See Stewart Securities Corp. v. Guaranty Trust Co.,* 71

F.R.D. 32, 33–34 (W.D. Okla. 1976).[2] The trial court specifically found that it had not intended that the action be dismissed on the merits or with prejudice.

■

"Relief should be granted if the judgment incorrectly formalizes the decision that was reached in deliberation." Restatement (Second) of Judgments, sec. 71 comment e (1982); *see also Gormong v. Local Union 613, IBEW,* 714 F.2d 1109, 1110 (11th Cir. 1983); *Hegger v. Green,* 91 F.R.D. 595, 597 (1981). Because the judgment clearly did not reflect the court's intent, and the court's inadvertence in signing the order was excusable, we conclude that the subsequent order to reopen, pursuant to sec. 806.07(1)(a), was not an abuse of discretion. Nothing in the record indicates that the defendant had, at the time of the dismissal, any entitlement to an adjudication on the merits and the facts set forth in the parties' stipulation justified only a dismissal without prejudice. Moreover, the defendant is in no worse a position than if the original judgment had correctly formalized the intended result.[3]

*By the Court.*—Order affirmed and cause remanded for further proceedings.

---

[2]We rely on cases interpreting Fed. R. Civ. P. 60 because of its similarity to Wisconsin's sec. 806.07(1)(a), Stats. *See State v. Shillcutt,* 116 Wis. 2d 227, 231–32, 341 N.W.2d 716, 717–18 (Ct. App. 1983), *aff'd,* 119 Wis. 2d 788, 350 N.W.2d 686 (1984).

[3]Because our analysis of the court's application of sec. 806.07(1)(a) disposes of this appeal, we do not reach the propriety of the court's reliance on subsec. (g). *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).