**Harry Dewayne ARMES, Plaintiff,**

v.

**NOBLE COUNTY SHERIFF DEPARTMENT, Noble County Jail Medical Staff, and Officer L.H. Xeister, Defendants.**

**No. 1:01–CV–445.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 6, 2002.

Gary D. Johnson, Baker and Daniels, Fort Wayne, IN, for plaintiff.

Harry Dewayne Armes, Dallas, NC, pro se.

Robert E. Kabisch, Hunt Suedhoff Kalamaros LLP, Fort Wayne, IN, for defendants.

### MEMORANDUM OF DECISION AND ORDER

#### I. INTRODUCTION

The *pro se* Plaintiff, Harry Armes ("Plaintiff") brings this suit against the defendants, the Noble County Sheriff's Department (the "Sheriff's Department"), the Noble County Jail Medical Staff ("Medical Staff"), and officer L.H. Keister ("Keister")[1] (collectively, the "Defen-

---

1. The Plaintiff originally misidentified Keister as "Xeister." (*See* Compl.)

dants") alleging violations of 42 U.S.C. § 1983 (" § 1983") and a state law negligence claim.

In short, the Plaintiff claims he sustained serious back and neck injuries while being transported from a Virginia county jail to the Noble County, Indiana jail, when Keister negligently drove the squad car into another vehicle, and that the Defendants then violated his civil rights when they subsequently failed to provide medical treatment for his injuries.

Currently before the Court[2] are the Defendants' May 29, 2002, motion for summary judgment,[3] and the Plaintiff's June 6, 2002, cross-motion for summary judgment.

On June 19, 2002, the Defendants filed a response brief to the Plaintiff's motion for summary judgment, and on June 21, 2002, the Plaintiff filed a response brief to the Defendants' motion for summary judgment. The time to file reply briefs for both motions has passed.

The record consists of various affidavits and documents, and jurisdiction is based on 28 U.S.C. §§ 1331; 1332.[4]

For the reasons hereinafter provided, the Defendants' Motion for Summary Judgment will be GRANTED in part and DENIED in part, and the Plaintiff's cross-motion for summary judgment will be DENIED.

## II. FACTUAL BACKGROUND

On October 24, 2001, Keister and another officer William Tipton ("Tipton") were transporting the Plaintiff from a Virginia county jail to the Noble County jail. (Keister Aff. ¶ 3; Tipton Aff. ¶ 3.) However, while driving along a three lane interstate highway, Keister attempted to pass another vehicle by moving into the left-hand lane, where another vehicle was already traveling. (Keister Aff. ¶ 4; Tipton Aff. ¶ 4.) The front left of the squad car "brushed against" the rear right of the other vehicle, but apparently the accident was not very serious since both vehicles stopped safely, and neither sustained any real damage. (*Id.*) At that time, Keister inquired whether anyone was injured, and both the Plaintiff and Tipton responded they were fine. (*Id.*) Keister then drove the Plaintiff to the Noble County jail.

Two days later, the Plaintiff completed a medical Inmate Request Form, indicating that he needed X-rays of his neck and lower back, which he claimed hurt "very bad," and which he claimed were injured in the accident. (Weber Aff., Ex. A.) However, when the jail offered to have the jail doctor examine the Plaintiff, he refused, stating "I don't wish to see this doctor because [h]e don't know if my back and neck is hurting or not. He is no back doctor. Why should I give him $10.00 for nothing." (*See* Weber Aff., Ex. B.) This was merely the first episode of the Plain-

---

**2.** Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

**3.** On May 31, 2002, the Court issued an order consistent with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982) informing the Plaintiff of his obligation to respond to the Defendants' motion for summary judgment with affidavits or other evidence.

**4.** At the time the Plaintiff filed his *pro se* complaint, he was a citizen of North Carolina

and the Defendants were citizens of Indiana. The Plaintiff contends that he has sustained $90,000 in damages. Thus, liberally construing the Plaintiff's *pro se* complaint, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), his state law negligence claim invokes the Court's diversity jurisdiction. 29 U.S.C. § 1332(a)(1). Accordingly, the Plaintiff's complaint sets out an independent basis of jurisdiction, and does not rely on 28 U.S.C. § 1367.

tiff's resistance to the efforts of the Medical Staff during his two and a half month incarceration. Indeed, during that time he refused to take his medication, including anti-psychotic and osteoarthritis medications, 69 times. (Weber Aff., Ex. C at 4.)

On November 30, 2001, the Plaintiff sued the Sheriff's Department and a "Sergeant Butch" (apparently Keister) in the Noble County Superior Court, Small Claims Division seeking $3,000.00. (Defs.' Ex. 3.) In a statement attached to his Small Claims Complaint, the Plaintiff explained he was seeking damages for the injuries he sustained in the auto accident and for their refusal to provide him with medical treatment for those injuries. (*Id.* at 2.)

On December 10, 2001, the Plaintiff initiated this case by seeking leave of this Court to proceed *in forma pauperis* and by submitting his proposed complaint (*see* Docket No. 1), which the Court eventually ordered filed on March 15, 2002.

However, on February 1, 2002, the Plaintiff filed a letter with the Noble County Superior Court, asking Judge Kramer to "dismiss the lawsuited (*sic*) altogether" because "I'm tired of trying to get something done for my back & neck." (Defs.' Ex. 4.) Apparently in response, the Plaintiff was provided with a standard small claim form eliciting a dismissal "for the reason that the same is now wholly satisfied and paid in full." (Defs.Ex.5.) The Plaintiff signed and submitted the form, and Judge Kramer then used the same

form to show the case dismissed "with prejudice." [5] (*Id.*)

Liberally construed, *Haines,* 404 U.S. at 520, 92 S.Ct. 594, the Plaintiff alleges that Keister (and the Sheriff's Department through the principle of *respondent superior*) negligently caused his back and neck injuries as a result of the auto accident. The Plaintiff also alleges a § 1983 claim against Keister, the Medical Staff, and the Sheriff's Department for being deliberately indifferent to his medical needs by failing to provide medical care once he arrived at the jail.

The Defendants claim they are entitled to summary judgment as to both claims because the Plaintiff's state court case was dismissed with prejudice by Judge Kramer, and thus he is now precluded, through the legal principle of *res judicata,* from pursuing these claims here. The Defendants also argue that even if the § 1983 claim is not barred, the Plaintiff has no evidence they were in any way deliberately indifferent to any of his medical needs.

The Plaintiff appears to argue that the Defendants were in fact deliberately indifferent to his negligently caused injuries, but while the Plaintiff has filed various documents, none are in the form of an affidavit or an unsworn declaration under the pains and penalties of perjury. *See* 28 U.S.C. § 1746.[6]

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to inter-

---

**5.** During the Preliminary Pretrial Conference, the Plaintiff claimed he was told that he would not be released from jail unless he dismissed his lawsuit. Indeed, it appears that the Plaintiff was actually released from jail shortly after he dismissed his lawsuit. (*See* Docket No. 11.) However, we need not discuss this contention because, as discussed *in-*

*fra,* we conclude the dismissal was actually without prejudice.

**6.** Although the Plaintiff's submissions are not in proper form, we consider them as though they were. However, as revealed *infra,* even if considered they do not compel a different result.

rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512; *North Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.,* 89 F.3d 452, 455 (7th Cir.1996); *In re Matter of Wildman,* 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan,* 847 F.2d 368, 374 (7th Cir.1988). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the non-moving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt,* 862 F.2d 646, 649 (7th Cir.1988); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Guenin v. Sendra Corp.,* 700 F.Supp. 973, 974 (N.D.Ind.1988). In ruling on a summary judgment motion, the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence nor the credibility of witnesses. *Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511; *North Am. Van Lines, Inc.,* 89 F.3d at 455. However, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Ill. Nat'l Bank,* 704 F.2d 361, 367 (7th Cir.1983).

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed. R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *First Nat'l Bank of Cicero v. Lewco Sec. Corp.,* 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party

must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512.

## IV. DISCUSSION

### A. The Plaintiff's Claims are Not Barred by *Res Judicata*

■ Under 28 U.S.C. § 1738,[7] federal courts must give the judgments of state courts the same full faith and credit that those judgments would receive in the rendering state's courts, as long as the state judgment satisfies constitutional due process requirements. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Froebel v. Meyer,* 217 F.3d 928, 933 (7th Cir.2000). Thus, since an Indiana state court entered the order dismissing the Plaintiff's claims, we sit as another state court and apply Indiana law to determine whether *res judicata* bars the litigation of the Plaintiff's claims. *See 4901 Corp. v. Town of Cicero,* 220 F.3d 522, 529 (7th Cir.2000); *Long v. Shorebank Development Corp.,* 182 F.3d 548, 560 (7th Cir. 1999); *Whitaker v. Ameritech Corp.,* 129 F.3d 952, 955 (7th Cir.1997).

■ Under Indiana law, *res judicata* bars the litigation of a claim after a final judgment has been rendered on a matter in a prior action involving the same claim between the same parties or their privies. *Keybank Nat. Ass'n v. Michael,* 770 N.E.2d 369, 375 (Ind.Ct.App.2002). Accordingly, four requirements must be satisfied for this doctrine to apply:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy decided in the former action must have been between the parties in the present suit or their privies.

*Id.* at 375–76; *Dickson v. D'Angelo,* 749 N.E.2d 96 (Ind.Ct.App.2001); *Chemco Transport, Inc. v. Conn,* 527 N.E.2d 179, 181 (Ind.1988).

Applying those requirements here, it is evident that the first, third and fourth requirements have been met. Indeed, the Noble County Superior Court has original jurisdiction in all civil actions, *see* Ind. Code §§ 33–5–37.5–4; 33–4–4–3, and its Small Claims Division has jurisdiction over civil actions where the amount sought is not more than $3,000. Ind.Code § 33–5–2–4. Since the Plaintiff only sought $3,000 for his claims, the Noble County Superior Court, Small Claims Division was a court of competent jurisdiction. Moreover, because the Plaintiff sued on the same negligence claim and possibly the same deliberate indifference claim asserted here, it appears these matters were or could have been decided by the previous state court action. Finally, because the Plaintiff sued the Sheriff's Department and Keister (although misnamed as "Ser-

---

7. 28 U.S.C. § 1738 provides that the "judicial proceedings of any court of any such State ... shall have the full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...."

geant Butch"), the fourth requirement is also met (at least with regard to them).

However, what is left is the question of whether an Indiana court would consider the dismissal order entered by Judge Kramer under the circumstances of this case to be a judgment on the merits, barring subsequent litigation. In dismissing the Plaintiff's case, Judge Kramer did not state that the dismissal was "on the merits," but simply dismissed the matter "with prejudice." (Defs.' Ex. 4.) Seizing on this language, the Defendants contend that Judge Kramer's dismissal must be afforded preclusive effect because under Indiana law, a "dismissal with prejudice is a dismissal on the merits." *Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind.Ct.App.1994); *see also Small v. Centocor, Inc.*, 731 N.E.2d 22, 27 (Ind.Ct.App.2000).

■ However, on these facts, we are not convinced that the words "with prejudice" were actually a final adjudication on the merits. Indeed, several courts have held that where doubt exists about the finality of a prior order of dismissal, a Court "may look beyond the words 'with prejudice' to determine if the dismissal was meant to be conclusive." *Brye v. Brakebush*, 32 F.3d 1179, 1185 (7th Cir.1994) (interpreting Wisconsin law); *see also Pueblo de Taos v. Archuleta*, 64 F.2d 807, 812 (10th Cir. 1933); *Maryland v. Baltimore Transit Co.*, 38 F.R.D. 340, 343 (D.Md.1965).

Stated somewhat differently, we will examine whether Judge Kramer actually determined the rights of the parties given that "the words 'with prejudice' are not conclusive [because they] have significance only in light of the circumstances under which the dismissal took place." *Brye*, 32 F.3d at 1185 (quoting *Baltimore Transit*, 38 F.R.D. at 343); *see also Pueblo de*

*Taos*, 64 F.2d at 812 ("addition of the words 'with prejudice' cannot change" the fact that the court never determined the rights of the parties); *Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 92 P.2d 804 (1939); *Mink v. Keim*, 291 N.Y. 300, 52 N.E.2d 444, 445 (1943); *Hassenteufel v. Howard Johnson, Inc.*, 52 So.2d 810, 813 (Fla.1951); *Chirelstein v. Chirelstein*, 12 N.J.Super. 468, 79 A.2d 884, 888 (1951), *cf.*, 46 Am.Jur.2d *Judgments* § 610 (1994).

Analyzing the circumstances here, it is clear that the state court order dismissing the Plaintiff's claims was not intended to be a judgment on the merits barring future litigation. First, the form dismissal that the Plaintiff signed and that Judge Kramer adopted as an order of the court was incongruous with the Plaintiff's stated reason for voluntarily dismissing his case. Although the Plaintiff indicated to Judge Kramer that he wanted to dismiss the case because he was frustrated at the lack of medical attention for his back and neck, he was only provided with a dismissal form reciting the clearly erroneous proposition that he had been paid in full.[8] By any reading of the Plaintiff's *pro se* letter motion, he was not asking for his case to be dismissed with prejudice, and in fact, under Rule 41 of the Indiana Rules of Trial Procedure, any dismissal should have been without prejudice. *See* Ind. Trial Rule 41(a). Indeed, the Plaintiff certainly had no intention of dismissing his claims with prejudice, since he was pursuing them here at the same time.

While it could be argued that the Plaintiff should return to the Noble County Superior Court, Small Claims Division to have the prior judgment set aside, that is unnecessary where, such as here, it is

---

**8.** We naturally infer that despite the language in the form provided to the Plaintiff, he has never been paid. This inference arises from

his continued prosecution of this case and the Defendant's failure to assert payment as an affirmative defense. *See* Fed.R.Civ.P. 8(c).

clearly established that the earlier dismissal was actually without prejudice. *Brye,* 32 F.3d at 1185.

Since an action voluntarily dismissed without prejudice is the same as if no action had ever been brought, *Ilagan,* 634 N.E.2d at 829; *Long v. State,* 679 N.E.2d 981, 983 (Ind.App.Ct.1997), there has never been an adjudication on the merits of the Plaintiff's complaint, and *res judicata* does not bar the Plaintiff from litigating his claims here. Accordingly, the Defendants are not entitled to summary judgment on the basis of *res judicata.*

## B. The Defendants are Nevertheless Entitled to Summary Judgment as to the § 1983 Claims

### 1. Legal Principles

#### (a) Section 1983

■ In order to state a claim under § 1983,[9] the Plaintiff must show (1) that the Defendants acted under color of state law, and (2) that the Defendants deprived him of some right under the Constitution or the laws of the United States. *Livadas v. Bradshaw,* 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 931, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982); *Ineco v. City of Chicago,* 286 F.3d 994, 997–998 (7th Cir.2002); *Harbours Pointe of Nashotah, LLC v. Village of Nashotah,* 278 F.3d 701, 704 (7th Cir.2002).

In this context, the Plaintiff must come forward with acts or omissions by the Defendants such that they evidence deliberate indifference to the Plaintiff's serious medical needs. *Walker v. Benjamin,* 293 F.3d 1030, 1036–1037 (7th Cir.2002) (citing

*Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

Of course, the Plaintiff's *pro se* filings are to be liberally construed. *Haines,* 404 U.S. at 519, 92 S.Ct. 594; *Greer v. Board of Educ. of City of Chicago,* 267 F.3d 723, 727 (7th Cir.2001). Therefore, in accordance with *Haines,* the Plaintiff's complaint arguably asserts two individual capacity claims and an official capacity claim. The Plaintiff's individual capacity claims against Keister and the Medical Staff can be read to allege that they were deliberately indifferent to his serious medical needs because they failed to take him to the hospital directly after the accident, or after he complained that he needed back and neck X-rays. Finally, the Plaintiff is ostensibly asserting an official capacity claim against the Sheriff's Department (actually the Sheriff) for failing to provide medical treatment. *See Hill v. Shelander,* 924 F.2d 1370, 1373 (7th Cir.1991).

#### (b) The Constitutional Standard: "Deliberate Indifference"

The record is unclear whether the Plaintiff was a pretrial detainee or a convicted prisoner during his transport to the Noble County jail and his subsequent incarceration. *See Mayoral v. Sheahan,* 245 F.3d 934, 938 (7th Cir.2001) (pretrial detainees protected by the Due Process Clause of the Fourteenth Amendment, while convicted prisoners are protected by the Eighth Amendment). Nevertheless, because the Due Process Clause affords at least as much protection as the Eighth Amendment, *Id.,* regardless of the Plaintiff's status, his denial of medical care claims are analyzed under the "deliberate indiffer-

---

**9.** 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

ence" standard of the Eighth Amendment. *See Weiss v. Cooley,* 230 F.3d 1027 (7th Cir.2000); *Higgins v. Correctional Med. Servs. of Ill., Inc.,* 178 F.3d 508, 511 (7th Cir.1999).

■ Under the deliberate indifference test, the Plaintiff must clear "two high hurdles." *Dunigan ex rel. Nyman v. Winnebago County,* 165 F.3d 587, 590 (7th Cir.1999); *see also Sherrod v. Lingle,* 223 F.3d 605, 610 (7th Cir.2000). First, the Plaintiff's medical condition must be "sufficiently serious," which is an objective standard. *Sanville v. McCaughtry,* 266 F.3d 724, 733 (7th Cir.2001) (quoting *Farmer,* 511 at 834, 114 S.Ct. 1970) "A condition is objectively serious if 'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride,* 178 F.3d 849, 852 (7th Cir.1999) (quoting *Gutierrez,* 111 F.3d at 1373); *Sanville,* 266 F.3d at 733–34. Second, the Plaintiff must show that the state official "acted with the requisite culpable state of mind, deliberate indifference, a subjective standard." *Dunigan,* 165 F.3d at 591. To satisfy this subjective prong, the Plaintiff must show that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw that inference." *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)); *Reed,* 178 F.3d at 854; *Hudson v. McHugh,* 148 F.3d 859, 863 (7th Cir.1998). The subjective prong also entails a "responsive element," under which the Plaintiff must prove that the Defendants' mental state was "one of deliberate indifference to inmate health or safety." *Sanville,* 266 F.3d at 733 (quoting *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970). *Reed,*

178 F.3d at 854; *Hudson,* 148 F.3d at 863. Thus, the standard is not the same as that for a medical malpractice claim; it is not enough for the Plaintiff to show that the Defendants were negligent, or that they "should have known" of the risk. *Higgins,* 178 F.3d at 511.

Finally, the Court's analysis should not focus on isolated events, but "must examine the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to his serious medical needs." *Reed,* 178 F.3d at 855; *Dunigan,* 165 F.3d at 591.

## 2. The Plaintiff's "Serious" Medical Need

We doubt that the Plaintiff has made out that his neck and back condition amounted to a "serious" medical need, and this is certainly true at the accident scene as to Keister, the only named defendant, who was assured by the Plaintiff that he had suffered no injury. After all, the Plaintiff has failed to show that Keister was aware of any facts from which he could conclude that the Plaintiff suffered serious harm. *See Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. Indeed, Keister could have hardly drawn any different inference from such a minor impact, particularly where no one else sustained any sort of injuries.[10]

As for the remaining unnamed defendants, the Plaintiff refused to see the jail's doctor and even refused to take his medication, including osteoarthritis medication, 69 times while incarcerated. Thus, they could have reasonably concluded that the Plaintiff was in no real pain and failure to treat him with further medical intervention did not amount to the unnecessary and wanton infliction of pain. *See Reed,* 178

---

**10.** The Plaintiff seems to allege that the onset of his neck and back pain did not occur until a day or two after he arrived at the Noble County jail. Notably, there is no evidence that Keister had any further contact with the Plaintiff after he placed him in the custody of the jail.

F.3d at 852. However, since the Plaintiff's unsworn submissions seem to suggest he complained to the Medical Staff of neck and back pain, we will simply assume he has made out this prong and move on.

### 3. The Plaintiff Cannot Show That the Defendants Were Deliberately Indifferent

Assuming that the Plaintiff could show that his back and neck conditions were sufficiently severe, he still cannot show that the Defendants were deliberately indifferent to his medical needs.

### (a) Keister was Not Deliberately Indifferent as a Matter of Law

[6] First, the Plaintiff appears to contend that Keister, in his individual capacity, was deliberately indifferent to his medical needs when he failed to take him to the hospital immediately following the accident. However, as discussed *supra*, the evidence reveals that Keister lacked the requisite culpable mental state. After all Keister was certainly unaware of any facts from which even a tenuous inference could be drawn that the Plaintiff was seriously injured. *Dunigan*, 165 F.3d at 591. Indeed, Keister conscientiously assessed the situation to see if the Plaintiff was injured immediately following the accident. However, because the Plaintiff told him he was fine and because he appeared uninjured, Keister determined that there was no need to seek immediate medical attention for the Plaintiff. (Keister Aff. ¶ 5.) Indeed, this assessment was reasonable given that the Plaintiff never complained about any injuries during the several remaining hours it took to reach the Noble County jail. (*Id.;* Tipton Aff. ¶ 5.) Accordingly,

the Defendants' motion for summary judgment must be granted as to the individual capacity claim against Keister because the record does not support an inference that he possessed the requisite culpable state of mind, and therefore cannot be held liable under § 1983. *Jenkins*, 147 F.3d at 583.

### (b) The Medical Staff was Not Deliberately Indifferent

■ The Plaintiff also contends that the Medical Staff was deliberately indifferent to his medical needs when they failed to take him to the hospital for X-rays, or to otherwise treat his injuries.[11] However, the Supreme Court has explicitly rejected the Plaintiff's claim that the failure to order X-rays constitutes deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 107, 97 S.Ct. 285 (the failure to order an X-ray is at most medical malpractice not cruel and unusual punishment implicating deliberate indifference to a serious medical need). Moreover, the record reveals that the Medical Staff did not disregard the Plaintiff's medical needs, and in fact, the Plaintiff's lack of treatment was almost entirely of his own making. For example, although the Plaintiff complained about his injuries in a medical Inmate Request Form, he steadfastly refused to see the jail's doctor. (Webber Aff., Ex. B.) Indeed, without being assessed by the jail's doctor, the Medical Staff could not determine whether the Plaintiff needed to see a specialist or even to have X-rays taken. (*See* Webber Aff. ¶ 3.) In addition, the Plaintiff refused to take his medication, including an osteoarthritis medication, 69 times during the two and a half months he was incarcerated at the Noble County jail. This would lead

---

11. The Plaintiff does not specifically name the medical staff about whom he complains, so their personal involvement, a necessary component of a § 1983 individual capacity claim, cannot be assessed. *See Miller v. Smith*, 220

F.3d 491, 495 (7th Cir.2000). Nevertheless, since it is clear the Plaintiff cannot make out a § 1983 claim in any event, the lack of personal involvement will not be discussed further.

any medical observer to the logical conclusion that the Plaintiff was not experiencing significant pain. Accordingly, because the record is insufficient to draw an inference that the Medical Staff possessed the requisite state of mind, the Defendants' motion for summary judgment will be granted as to them. *See Jenkins,* 147 F.3d at 583.

### (c) The Plaintiff's Official Capacity Claim Against the Sheriff's Department Fails

██ Finally, the Plaintiff claims that the Sheriff's Department (actually the Sheriff), in its official capacity, violated his rights by allegedly failing to provide treatment for his injuries. A claim against a government official in his official capacity is in reality a claim against the governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). Because *respondeat superior* is not a recognized theory under § 1983, *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in order to prevail in an official capacity claim the Plaintiff must show that the alleged deprivation of a constitutional right is affirmatively linked to the governmental entity's policy or custom. *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105; *Hill v. Shelander,* 924 F.2d 1370, 1372 (7th Cir.1991).

Of course, here, the Plaintiff has shown no deprivation and therefore summary judgment is appropriate to the remaining official capacity defendants. *Treece v. Hochstetler,* 213 F.3d 360, 364 (7th Cir.2000) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)). Nevertheless, even if we were to consider the Plaintiff's official capacity claim, it fails. This proposition follows from the requirement that for liability to attach, the Plaintiff must show:

(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Abbott v. Village of Winthrop Harbor,* 205 F.3d 976, 981 (7th Cir.2000) (quoting *Baxter v. Vigo Cty. Sch. Corp.,* 26 F.3d 728, 735 (7th Cir.1994)). Additionally, "[p]roximate causation between the municipality's policy or custom and the plaintiff's injury must be present." *Leahy v. Board of Trustees,* 912 F.2d 917, 922 (7th Cir.1990); *see City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

██ Simply stated, the Plaintiff must show that the Sheriff's Department followed or instituted an unconstitutional practice, policy, or custom that resulted in the Plaintiff's alleged deprivations. *Monell,* 436 U.S. at 694, 98 S.Ct. 2018. However, the Plaintiff has pointed to no evidence suggesting the existence of an unconstitutional practice, policy or custom of denying medical care, let alone that such a policy or practice caused him a constitutional injury. *(Id.)* Accordingly, for all these reasons the Plaintiff's official capacity claims against the Sheriff's Department must fail as well.

### C. Genuine Issues of Fact Exist Concerning the Plaintiff's Negligence Claim

Finally, because the Plaintiff's personal injury negligence claim survives summary judgment, we turn to consider the Plaintiff's motion for summary judgment.

██ For the Plaintiff to prevail on a negligence claim under Indiana law, he must show that (1) the defendant owed him a duty to exercise reasonable care; (2) the defendant breached that duty by fail-

ing to conform his conduct to the requisite standard of care; and (3) the plaintiff sustained injuries that were the proximate result of the defendant's breach. *Estate of Heck ex rel. Heck v. Stoffer,* 752 N.E.2d 192, 198 (Ind.Ct.App.2001) (citing *Fast Eddie's v. Hall,* 688 N.E.2d 1270, 1272 (Ind. Ct.App.1997), *trans. denied* 726 N.E.2d 303 (Ind.1999)).

 However, we need not spend much time on the Plaintiff's motion because he has failed to demonstrate the absence of any genuine issue of material fact concerning the second and third requirements. Indeed, we note that factual issues exist about whether the Defendants breached their duty of care toward the Plaintiff when Keister simply "brushed against" the vehicle. Moreover, proximate cause is generally a question of fact that is "not amenable to summary judgment." *See, e.g., Elder v. Fisher,* 247 Ind. 598, 217 N.E.2d 847 (1966); *Anderson v. P.A. Radocy & Sons, Inc.,* 865 F.Supp. 522, 532 (N.D.Ind.1994) (genuine issue of fact surrounding proximate causation precludes summary judgment). Here, giving the Defendants every inference, there is a material issue of fact about whether they were negligent in changing lanes and whether, as a proximate result, the Plaintiff sustained any injuries. Accordingly, the Plaintiff is not entitled to summary judgment on his negligence claim.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is GRANTED as to the Plaintiff's § 1983 claim and DENIED as to his negligence claim, and the Plaintiff's cross-motion for summary judgment is DENIED.