COURT OF APPEALS
DECISION
DATED AND FILED

November 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP2013**

STATE OF WISCONSIN

Cir. Ct. No.  2019CV903

IN COURT OF APPEALS
DISTRICT III

VHC, INC.,

    PLAINTIFF,

  V.

TISSUE TECHNOLOGY, LLC,

    DEFENDANT-THIRD-PARTY
    PLAINTIFF-APPELLANT,

  V.

NICOLET BANKSHARES, INC.,

    THIRD-PARTY DEFENDANT-RESPONDENT.

       APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

       Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Tissue Technology, LLC, appeals an order granting summary judgment and dismissing its third-party complaint against Nicolet Bankshares, Inc. (Nicolet).   The circuit court concluded that claim preclusion bars Tissue Technology's breach of contract claim because Tissue Technology could have pled the claim in an earlier lawsuit between the parties, but it failed to do so.   The court also concluded that Tissue Technology did not establish its need for discovery in order to respond to Nicolet's summary judgment motion.  We agree with those conclusions, and we therefore affirm.[1]

## BACKGROUND

¶2    The underlying facts of this case involve several parties, contracts, and lawsuits.  In 2006, Tissue Technology executed an Amended and Restated Sales and Marketing Agreement ("the Agreement") with ST Paper, LLC, wherein ST Paper agreed to pay commissions to Tissue Technology for selling ST Paper products.  Tissue Technology later assigned all of its rights and interests in the Agreement to Nicolet ("the Assignment") as collateral for a multi-million dollar loan, which was facilitated through a note between the parties ("the Note").  Among other rights, Nicolet obtained the right to "any and all [c]ommissions due" and the right "to take any and all such actions as necessary … for breach of

---

[1] In addition to challenging the circuit court's application of claim preclusion, Tissue Technology also argues that the court erred by dismissing its third-party complaint for failing to state a claim upon which relief could be granted.  Because claim preclusion is dipositive of this appeal, we need not address that additional argument.  *See* ***Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716.

payment with respect to any fees due" under the Agreement. The Assignment further provided that "[u]pon payment in full of the Note and the [i]ndebtedness defined in the Commercial Security Agreement," Nicolet's interests in the Agreement would be released to Tissue Technology and the Assignment would be terminated. VHC, Inc., guaranteed payment of the Note, and it subsequently made payments on the Note after Tissue Technology failed to do so.

¶3 In 2013, Tissue Technology and Nicolet executed a Restated and Amended Assignment of Sales and Marketing Agreement and Pledge of Commercial Tort Claim ("the Amended Assignment"). The Amended Assignment stated that ST Paper had defaulted under the terms of the Agreement by failing to make certain commission payments to Tissue Technology. It also purportedly granted Tissue Technology "a limited license to collect, at [Tissue Technology]'s own expense, amounts due and owing by ST Paper" under the Agreement, "so as to give [Tissue Technology] standing to file [a lawsuit against ST Paper]."

¶4 Tissue Technology subsequently commenced an action against ST Paper to recover commissions allegedly earned under the Agreement, but its claims were dismissed on summary judgment after this court concluded that Tissue Technology was not a real party in interest able to enforce the Agreement. *See **Tissue Tech., LLC v. ST Paper, LLC***, No. 2017AP2527-FT, unpublished slip op. ¶¶1, 5 (WI App June 19, 2018). In reaching that conclusion, we recognized that the Amended Assignment was invalid because ST Paper never provided its written consent to the Amended Assignment, as required under the Agreement. *Id.*, ¶9. We also noted that even if Tissue Technology had the right to collect commissions, it still was not a real party in interest because it did not control the litigation or the fruits of that litigation. *Id.*, ¶12.

3

¶5     Following the dismissal of that action, Tissue Technology commenced a lawsuit ("the Second Lawsuit") against Nicolet in late February 2019, alleging breach of contract, breach of fiduciary duty, and negligence claims.[2]   Those claims arose from Nicolet allegedly failing or refusing to commence an action against ST Paper to recover approximately $20,000,000 in commissions allegedly due under the Agreement.   Tissue Technology thus alleged $20,000,000 in damages under its breach of contract claim.

¶6     Nicolet subsequently moved to dismiss Tissue Technology's claims, arguing, in part, that Tissue Technology had failed to state a claim upon which relief could be granted.   In opposing the motion to dismiss, Tissue Technology notified the circuit court on May 6, 2019, that it intended to file a motion for leave to amend the complaint because it learned on March 21, 2019, that Nicolet had transferred the Note and all rights and remedies under the Agreement to VHC. During a later hearing on the motion to dismiss, Tissue Technology stated that it "[had] asked for the opportunity to replead" because it wanted to add allegations regarding Nicolet improperly transferring Nicolet's rights and remedies under the Agreement to VHC.   Despite stating that it wanted to amend its complaint, Tissue Technology never filed an amended complaint, nor did it file a motion for leave to amend the complaint.

¶7     On June 26, 2019, the circuit court granted Nicolet's motion to dismiss, concluding, among other things, that Nicolet did not breach the Assignment.[3]   Specifically, the court recognized that the Assignment did not grant

---

[2] *See* Brown County case No. 2019CV273.

[3] The Honorable Timothy Hinkfuss presided over the Second Lawsuit and dismissed Tissue Technology's claims in that case.

Nicolet "some of the rights," but rather the Assignment granted Nicolet *all* of the rights, "including the right not to sue." The court issued a final order on July 8, 2019, dismissing Tissue Technology's claims "with prejudice." Tissue Technology never appealed that order.

¶8    Shortly after the Second Lawsuit was dismissed, VHC commenced this action against Tissue Technology, alleging that VHC purchased the Note from Nicolet and that Tissue Technology defaulted on the Note by failing to make timely payments. After filing a responsive pleading to VHC's claims, Tissue Technology filed a third-party complaint against Nicolet for breach of contract. It alleged that Nicolet breached the Assignment by transferring the Agreement to VHC after the debt owed to Nicolet was paid in full. Nicolet, in turn, filed a responsive pleading to Tissue Technology's third-party claim and then promptly moved for dismissal or summary judgment on that claim.

¶9    Following Nicolet's motion, Tissue Technology moved to compel discovery from Nicolet and VHC. According to Tissue Technology, Nicolet and VHC refused to comply with discovery because part of Nicolet's motion was a motion to dismiss. *See* WIS. STAT. § 802.06(1)(b) (2019-20).[4] In its response brief to Nicolet's motion, Tissue Technology also argued, citing WIS. STAT. § 802.08(4), that summary judgment should not be granted because Tissue Technology did not have an opportunity to conduct discovery.

¶10    The circuit court ultimately granted Nicolet's motion and dismissed Tissue Technology's third-party claim. The court concluded that claim preclusion

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

barred Tissue Technology's claim because Tissue Technology could have alleged that claim in the Second Lawsuit. Nevertheless, the court also concluded that Tissue Technology had failed to state a claim upon which relief could be granted. Regarding discovery, the court concluded that Tissue Technology did not need discovery to respond to Nicolet's claim preclusion arguments and concluded that Tissue Technology's motion to compel was moot following the court's decision. Tissue Technology now appeals.[5]

## DISCUSSION

¶11 We review a grant of summary judgment de novo, using the same methodology as the circuit court. *Jones v. Baecker*, 2017 WI App 3, ¶23, 373 Wis. 2d 235, 891 N.W.2d 823 (2016). Summary judgment must be granted if the pleadings, depositions, answers to interrogatories, admissions and affidavits establish that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. WIS. STAT. § 802.08(2).

¶12 Tissue Technology argues that the circuit court erred by applying claim preclusion to its third-party claim against Nicolet. The doctrine of claim preclusion provides that a final judgment is conclusive in all subsequent actions between the same parties or their privies as to all matters that were litigated, or which might have been litigated, in the former proceedings. *Federal Nat'l Mortg. Ass'n v. Thompson*, 2018 WI 57, ¶30, 381 Wis. 2d 609, 912 N.W.2d 364. Claim preclusion has three elements: (1) an identity between the parties or their privies

---

[5] Tissue Technology repeatedly refers to the parties by party designation, rather than by name, throughout the argument sections of its appellate briefs, in violation of WIS. STAT. RULE 809.19(1)(i). We admonish Tissue Technology's counsel to avoid similar future violations of the Rules of Appellate Procedure. *See* WIS. STAT. RULE 809.83(2).

in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction. *Id.*, ¶31. Tissue Technology concedes that the relevant parties are the same in this lawsuit as in the Second Lawsuit, but it argues that there is no identity between causes of action in the two lawsuits and that there has not been a final judgment on the merits of its current claim.

¶13 We employ the "transactional approach" to determine whether there is an identity between causes of action. *Id.*, ¶33. The transactional approach is pragmatic, considering such factors as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Kruckenberg v. Harvey*, 2005 WI 43, ¶25, 279 Wis. 2d 520, 694 N.W.2d 879. In short, we consider whether there is a common nucleus of operative facts. *Thompson*, 381 Wis. 2d 609, ¶36.

¶14 Here, Tissue Technology's third-party claim shares a common nucleus of operative facts with its claim in the Second Lawsuit. The factual basis for each claim begins with Tissue Technology and Nicolet executing the Assignment in 2007, which assigned the rights and remedies in the Agreement to Nicolet. Each claim is then premised on Nicolet having breached a provision of that Assignment. The claims also involve common background facts that occurred during the parties' decade-long relationship, such as ST Paper allegedly not paying commissions under the Agreement, Nicolet and Tissue Technology executing the Amended Assignment, and Tissue Technology unsuccessfully attempting to recover commissions from ST Paper. Finally, both claims appear to involve the same damages of approximately $20,000,000 that Tissue Technology has been unable to recover from ST Paper. Both claims involve proving many of the same

underlying facts, which form a convenient trial unit. Treating those facts as a single trial unit would also conform to the parties' reasonable expectation that multiple breaches of the Assignment would be litigated together.

¶15    Tissue Technology argues that there is no identity between the causes of action in this lawsuit and the Second Lawsuit because there was never an allegation or claim in the Second Lawsuit regarding Nicolet transferring the Note and rights under the Agreement to VHC. In essence, Tissue Technology contends that the underlying "transaction" of its current claim is limited to Nicolet transferring the Note and the Agreement to VHC.

¶16    Tissue Technology defines the transaction underlying its current claim too narrowly. By only considering facts surrounding Nicolet transferring the Agreement to VHC, Tissue Technology wholly omits critical facts regarding its relationship with Nicolet and the very basis for its claim against Nicolet—i.e., the Assignment. When considering those facts and the factual basis of Tissue Technology's claims in each lawsuit, we conclude that there is an identity between the causes of action.

¶17    Tissue Technology also argues that it never had an opportunity in the Second Lawsuit to plead facts regarding Nicolet transferring the Agreement to VHC because Tissue Technology learned about the transfer after filing its

complaint and because the circuit court never allowed it to amend its pleadings.[6] This statement mischaracterizes what occurred during the Second Lawsuit. In particular, Tissue Technology fails to recognize, or acknowledge, that it could have amended its complaint once, without seeking the court's permission, within six months of filing its summons and complaint on February 27, 2019.[7] *See* WIS. STAT. § 802.09(1).

¶18 On March 21, 2019, Tissue Technology learned that Nicolet had transferred the Agreement to VHC. The circuit court dismissed Tissue Technology's complaint in June 2019, which was still within the six-month amendment period. Thus, Tissue Technology had approximately three months to file an amended complaint after learning that Nicolet had transferred the Agreement. Tissue Technology also knew by May 6, 2019, at the latest, that it had a potential claim regarding that transfer because it stated it would file a motion for leave to amend its complaint to include those facts. Thus, it had at least one

---

[6] Tissue Technology faults the circuit court in the Second Lawsuit for "not even address[ing] [its] request for an opportunity to amend its pleadings." Although that decision, or lack thereof, is not on appeal, we note that Tissue Technology's "request for an opportunity to amend its pleadings" was less than direct. Tissue Technology stated in a footnote in a circuit court brief that it "will file a motion for leave to amend pleadings shortly after filing this brief." It never filed such motion. Then, a month later and in the midst of oral argument on Nicolet's motion to dismiss, Tissue Technology stated, "And so that's why we have asked for the opportunity to replead because we're going to add that to the complaint." At that point, Tissue Technology had not formally "asked for the opportunity to replead." Tissue Technology has not identified any instance where it directly, much less formally, asked the court for leave to amend its complaint.

In any event, if Tissue Technology wanted to challenge its inability to amend the pleadings, it could have appealed the dismissal of its claims in the Second Lawsuit. It did not. Tissue Technology will not now be heard to complain that the circuit court in the Second Lawsuit never responded to its "request" to amend the pleadings.

[7] It is undisputed that no scheduling order existed in the Second Lawsuit; therefore, the six-month amendment period applied. *See* WIS. STAT. § 802.09(1).

month to amend the complaint after believing a potential claim existed and before the court dismissed its claims. Under these circumstances, Tissue Technology had ample opportunity to allege its current claim in the Second Lawsuit.

¶19 Tissue Technology next argues that because it never pled facts regarding Nicolet's transfer of the Agreement in the Second Lawsuit, "necessarily there was not a final judgment on the merits." Tissue Technology further argues, without citation to legal authority, that for claim preclusion to apply "a court must have the opportunity to evaluate the claim in the prior proceeding."

¶20 Tissue Technology erroneously argues that a claim must be actually litigated to have preclusive effect. Unlike issue preclusion, claim preclusion does not require that a claim be actually litigated. *See **Lindas v. Cady***, 183 Wis. 2d 547, 559, 515 N.W.2d 458 (1994). Rather, it "extends to any and all claims that either were or which *could have been* asserted in the previous litigation." ***Id.*** As we have explained, Tissue Technology could have asserted in the Second Lawsuit that Nicolet breached the Assignment by transferring Nicolet's rights under the Agreement to VHC. Because the Second Lawsuit was dismissed "with prejudice," there has been a final judgment on the merits for purposes of claim preclusion. *See **Wisconsin Pub. Serv. Corp. v. Arby Constr., Inc.***, 2012 WI 87, ¶65, 342 Wis. 2d 544, 818 N.W.2d 863; *see also **State v. A.G.R., Jr.***, 140 Wis. 2d 843, 846, 412 N.W.2d 164 (Ct. App. 1987) ("a dismissal with prejudice … is tantamount to a judgment on the merits").

¶21 Finally, Tissue Technology argues that the circuit court erred by granting summary judgment because Tissue Technology could not adequately respond to Nicolet's motion without conducting discovery. In opposing Nicolet's summary judgment motion, Tissue Technology's counsel submitted an affidavit to

the circuit court, asserting that it had no information regarding: (1) whether the Note was satisfied; (2) the terms of Nicolet's agreement to transfer the Note and the Agreement to VHC; (3) whether Nicolet transferred the Note and the Agreement contrary to the terms of the Assignment; (4) whether the transfer was part of a more significant transaction or refinancing; and (5) whether the transfer was consistent with Wisconsin's version of the Uniform Commercial Code. Consistent with that affidavit, Tissue Technology argues on appeal that it required discovery regarding the details of Nicolet transferring the Agreement to VHC in order to respond to Nicolet's summary judgment motion. Citing WIS. STAT. § 802.08(4), Tissue Technology contends in its reply brief that "parties are entitled to discovery before summary judgment can be granted."

¶22 We review a circuit court's decision regarding discovery for an erroneous exercise of discretion. *See* **Holtzman v. Knott**, 193 Wis. 2d 649, 665 n.5, 533 N.W.2d 419 (1995). WISCONSIN STAT. § 802.08(4) does not guarantee a party the right to discovery before summary judgment can be granted. Rather, a court may order a continuance to permit discovery when a party opposing summary judgment cannot, for reasons stated in an affidavit, present "facts *essential* to justify the party's opposition." *See* § 802.08(4) (emphasis added).

¶23 In granting summary judgment before Tissue Technology could conduct its requested discovery, the circuit court concluded that Tissue Technology did not show it required additional facts or discovery to respond to Nicolet's claim preclusion arguments. We agree with that conclusion. All of Tissue Technology's desired discovery involved the details of Nicolet transferring the Agreement to VHC—i.e., the merits of its claim. Tissue Technology failed to explain, however, how those details could address, or refute, the relevant elements

11

of claim preclusion or prevent the application of claim preclusion to its current claim. In particular, Tissue Technology did not assert any lack of knowledge concerning the Second Lawsuit, such as not knowing the parties involved, the operative facts underlying its claim, or the final result. Nor does it appear that Tissue Technology lacked such knowledge. Tissue Technology has failed to demonstrate that its requested discovery was "essential" to respond to Nicolet's claim preclusion arguments. The court thus did not erroneously exercise its discretion by granting summary judgment before Tissue Technology could conduct its requested discovery.

¶24    In sum, Tissue Technology's third-party claim against Nicolet is barred by claim preclusion because Tissue Technology could have asserted that claim in the Second Lawsuit and because all of the claim preclusion elements have been satisfied. In addition, Tissue Technology's desired discovery was not essential to responding to Nicolet's claim preclusion arguments; therefore, the circuit court did not erroneously exercise its discretion by granting summary judgment.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

12