COURT OF APPEALS
DECISION
DATED AND FILED

December 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1931**

**STATE OF WISCONSIN**

Cir. Ct. No. **2013CV3897**

**IN COURT OF APPEALS
DISTRICT IV**

ANTONIO SORIA,

    PLAINTIFF-APPELLANT-CROSS-RESPONDENT,

V.

CLASSIC CUSTOM HOMES OF WAUNAKEE INC.,

    DEFENDANT-RESPONDENT-CROSS-APPELLANT.

APPEAL and CROSS-APEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before Blanchard, P.J., Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. In 2013, Antonio Soria sued Classic Custom Homes of Waunakee, Inc., ("Custom Homes") for breach of contract and theft by contractor. After a jury found in favor of Soria on those claims, both Custom Homes and Soria appealed to this court. In an unpublished opinion, we decided six separate issues. *Soria v. Classic Custom Homes of Waunakee, Inc.*, No. 2017AP1693, unpublished slip op. (WI App July 11, 2019) ("*Soria I*"). On two of those issues, this court reversed rulings of the circuit court and remanded this case with instructions to: (1) dismiss Soria's theft by contractor claims with prejudice and vacate the portions of the judgment relating to the theft by contractor claims; and (2) determine the amount of prejudgment interest that Custom Homes owed to Soria on the breach of contract cause of action. *Id.*, ¶¶56, 74, 78.

¶2     After remand, and pertinent to this appeal, Soria filed motions requesting that the circuit court amend its prior judgment to conclude that Custom Homes committed embezzlement, and award exemplary damages for such purported embezzlement, even though Soria never raised the issue of embezzlement in the first set of proceedings in the circuit court or in the prior appeal. In response, Custom Homes filed a motion in the circuit court requesting sanctions against Soria and his attorney based on those allegedly frivolous motions. The circuit court denied both parties' motions, and both parties now appeal those rulings.

¶3     For the reasons we discuss in this opinion, we affirm the circuit court's denial of Soria's motions. Regarding Custom Homes' cross-appeal, we reverse the ruling of the circuit court and conclude that Soria's motions filed in the

circuit court were frivolous pursuant to WIS. STAT. § 802.05(2)(b) (2019-20).[1] Accordingly, we remand this case to the circuit court to determine the appropriate sanction or sanctions to assess against Soria's attorney.

## BACKGROUND

¶4    There is no dispute as to the following facts germane to this appeal.

¶5    Custom Homes is a homebuilder located in Waunakee, Wisconsin. Soria is a professional house painter. Custom Homes and Soria entered into a contract for Soria to perform painting services at three houses. Custom Homes received from the homeowners the full amounts that were owed for construction of the three homes. Custom Homes did not pay Soria the full amount that was allegedly owed to him, and Custom Homes provided what it contended were reasonable explanations for the partial payments.

¶6    In 2013, Soria initiated this action against Custom Homes, alleging that, regarding payment for services at each of the three houses, Custom Homes breached its contract with Soria and committed theft by contractor in violation of WIS. STAT. § 779.02(5). The case proceeded to a jury trial. At the close of Soria's evidence, and again at the close of all evidence, Custom Homes moved for dismissal of Soria's theft by contractor claims on the grounds of insufficiency of the evidence. The circuit court denied Custom Homes' motions. On Soria's claims—breach of contract and theft by contractor—the jury found that Custom Homes owed Soria a total of $9,585.00. Additionally, the jury awarded Soria

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

$28,755.00 as exemplary damages based on its findings that Custom Homes was liable for theft by contractor.

¶7     Post-trial, Custom Homes moved to change the jury's answers to some of the special verdict questions concerning Soria's theft by contractor claims on the grounds of insufficiency of the evidence. The circuit court denied Custom Homes' motions. Soria also filed post-trial motions requesting, among other things, an award of prejudgment interest on the jury's award on the breach of contract claim pursuant to WIS. STAT. § 138.04. The circuit court denied each of Soria's motions.

¶8     Custom Homes appealed, arguing that Soria presented no evidence to support elements of his theft by contractor claims, including lack of proof of the homeowners' consent for Custom Homes to not pay the disputed amounts to Soria. Soria cross-appealed the circuit court's denial of his post-trial motions.

¶9     In an unpublished opinion, this court affirmed the circuit court's orders in part, and reversed the circuit court's orders in part, ruling on six separate issues. *Soria I*, No. 2017AP1693, ¶¶33, 56, 57, 73, 78, 87. On the following two issues, this court reversed the circuit court's rulings and remanded with specific instructions.

¶10     First, we reversed the jury's verdict regarding Soria's theft by contractor claims, reasoning that Soria failed to meet his burden of proof regarding the element of a lack of the homeowners' consent. *Id.*, ¶56. More specifically, this court reversed the circuit court's denial of Custom Homes' post-trial motion to change the answers to the special verdict questions regarding the element of lack of the homeowners' consent. *Id.* We remanded this case to the circuit court to dismiss Soria's theft by contractor claims with prejudice and to vacate the portions

4

of the judgment relating to the theft by contractor claims, including the jury's award of exemplary damages. *Id.*

¶11 Second, this court reversed the circuit court's order denying Soria's prejudgment interest request under WIS. STAT. § 138.04 based on his breach of contract claim. *Id.*, ¶¶74, 78. Accordingly, we also remanded the case with directions to the circuit court to determine the amount of prejudgment interest owed to Soria by Custom Homes. *Id.*

¶12 In the conclusion of *Soria I*, this court provided the following mandate to the circuit court: "For the foregoing reasons, the orders of the circuit court are affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion." *Id.*, ¶88.[2]

¶13 On remand,[3] Custom Homes filed a motion in the circuit court requesting an amended judgment consistent with this court's decision and our remand instructions, including dismissal of Soria's theft by contractor claims with prejudice and vacation of the portions of the prior judgment related to those claims. The circuit court granted that motion, and that ruling of the circuit court is not a subject of this appeal.

---

[2] Before this case was remitted to the circuit court, Soria filed a motion with this court asking that we reconsider our decisions that rejected his arguments regarding Custom Homes' appeal and his cross-appeal. After this court denied Soria's motion to reconsider, Soria petitioned our supreme court for review, and the supreme court denied that petition. Pertinent to the issues in this appeal, and as discussed below, Soria did not raise in his motion to reconsider any purported ambiguity regarding the mandate in *Soria I*.

[3] To this point in this opinion, the references to "circuit court," refer to Judge Rhonda Lanford. Starting at this point and hereafter, the references to "circuit court" refer to Judge Stephen Ehlke.

¶14    Also on remand, Soria asked, consistent with our remand instructions, that the circuit court determine the prejudgment interest that Custom Homes owed to Soria. The court determined the prejudgment interest owed to Soria, and that ruling is not a subject of this appeal.

¶15    Soria also filed "Motion[s] for Further Proceedings" in the circuit court requesting two forms of relief: (1) an amended judgment stating that Custom Homes' refusal to pay Soria the entire amount due for painting the houses constituted embezzlement by Custom Homes;[4] and (2) an amended judgment in favor of Soria for exemplary damages based on the asserted embezzlement in the amount of $28,755.00 or, in the alternative, a new trial solely to determine the amount of exemplary damages. In those motions, Soria contended that this court authorized the circuit court to decide his embezzlement-related assertions and arguments because we remanded the case "for further proceedings."

¶16    In response to those motions, Custom Homes informed Soria that, because Soria's motions were frivolous, it would move for sanctions against Soria and his attorney under WIS. STAT. § 802.05 if Soria failed to withdraw his motion within 21 days. When Soria did not withdraw his motion, Custom Homes filed that motion for sanctions.

---

[4] We observe that, in the circuit court, Soria referred to these alleged acts of Custom Homes exclusively as "theft," with the exception of a footnote in the motion filed in the circuit court and one reference to "embezzlement" in the final line of Soria's reply brief filed in the circuit court. In contrast, on appeal, Soria refers to these alleged acts of Custom Homes almost exclusively as "embezzlement." For the sake of clarity, we generally refer to "embezzlement" when considering the arguments of the parties.

6

¶17    The circuit court denied the relief requested in Soria's motions for "further proceedings."  The circuit court also denied Custom Homes' motion for sanctions.

¶18    Soria appeals the circuit court's denial of the relief requested in his motions for further proceedings.  Custom Homes cross-appeals the circuit court's denial of its motion for sanctions.  We discuss other material facts in the following discussion.

## DISCUSSION

¶19    We begin our analysis with the issues presented in Soria's appeal. Our discussion of these issues informs our later discussion of Custom Homes' cross-appeal which concerns whether Soria's motions for "further proceedings" were frivolous.

## I.  Soria's Appeal.

¶20    Soria argues that the circuit court erred in denying his requests for a judgment, stating that Custom Homes' refusal to pay Soria the entire amount due to him constitutes embezzlement, and for a judgment for exemplary damages based on that alleged embezzlement.[5]  We address, and reject, each of Soria's arguments in turn.

---

[5] As noted, one of Soria's motions in the circuit court requested, in the alternative to an amended judgment for exemplary damages, a trial solely on the issue of exemplary damages. Soria does not request in this appeal a remand for a trial on exemplary damages.  In any case, that alternative request would be denied for the same reasons this opinion affirms the circuit court's ruling denying an amended judgment for exemplary damages.

## A. This Court's Mandate and Remand Instructions.

¶21  Soria argues that the circuit court erred in interpreting the mandate and remand instructions in *Soria I*, because the mandate and those remand instructions authorized the circuit court to conduct "further proceedings" with respect to his new embezzlement assertions, including amending the judgment. We disagree.

¶22  We next set forth our standard of review and pertinent governing principles regarding a circuit court's authority on remand from an appellate court.

### 1. Standard of Review and Pertinent Governing Principles.

¶23  This appeal requires us to consider the mandate and remand instructions in *Soria I*.  The question of whether an appellate court's mandate and remand instructions authorize a circuit court to take a particular action is a question of law that we review de novo.  *Harvest Sav. Bank v. ROI Invs.*, 228 Wis. 2d 733, 737-38, 598 N.W.2d 571 (Ct. App. 1999) (citing *Breier v. E.C.*, 130 Wis. 2d 376, 381, 387 N.W.2d 72 (1986)).  Relatedly, this court "is the final arbiter of the meaning of its own mandates."  *See Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶22, 303 Wis. 2d 94, 735 N.W.2d 418.  Additionally, determining whether this court's prior opinion authorized the circuit court to act requires us to interpret WIS. STAT. §§ 808.08 and 808.09, and our interpretation of those statutes presents issues of law that we review independently.  *Id.*, ¶¶22, 35.

## 2. This Court's Mandate Did Not Authorize the Circuit Court to Decide Soria's Embezzlement Assertions.

¶24 To repeat, in *Soria I*, this court decided six separate issues and remanded the case to the circuit court with specific instructions on two of those issues.[6]

¶25 *Soria I* provided the following instructions on the two issues remanded to the circuit court. First, on the theft by contractor claims, *Soria I* stated:

> [W]e reverse the order of the circuit court denying Custom Homes' motion to change the answers to the special verdict questions regarding the consent of the owners. Because Soria failed to meet his burden of proof on that element, we reverse the jury's verdict that Custom Homes violated WIS. STAT. § 779.02(5), *and we remand this matter to the circuit court to dismiss with prejudice Soria's theft by contractor claims and vacate the portions of the judgment relating to the theft by contractor claims*.

*Soria I*, No. 2017AP1693, ¶56 (emphasis added). Second, on Soria's prejudgment interest request, *Soria I* provided: "[W]e reverse the order of the circuit court denying Soria's prejudgment interest request, *and the cause is remanded with directions to determine the amount of Soria's prejudgment interest based on the statutory rate and include that amount in the judgment*." *Id.*, ¶78 (citing WIS. STAT. § 138.04) (emphasis added).

¶26 Within the context of *Soria I*'s remand instructions, we now consider further principles regarding a circuit court's authority on remand. After

___

[6] Soria does not contend that any aspect of our decisions on the other four issues authorized the circuit court to consider Soria's embezzlement assertions on remand.

9

deciding an appeal, an appellate court "shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance with the judgment or decision." WIS. STAT. § 808.09. Our supreme court has interpreted that statute as an "explicit directive" to the circuit court to carry out the appellate court's mandate. *Tietsworth*, 303 Wis. 2d 94, ¶32.

¶27 When an appellate court remands to the circuit court with "explicit orders or directions for further proceedings," the circuit court must act consistent with the provisions of WIS. STAT. § 808.08. *Id.*, ¶33. That statute provides in relevant part that, when the circuit court receives the record and remittitur, that court may take action within three categories:

> (1) If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.
>
> (2) If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.
>
> (3) If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may … make appropriate motion for further proceedings.…

Sec. 808.08.

¶28 Under WIS. STAT. § 808.08(1), the phrase "specific action" is defined as a "purely ministerial duty" that "requires no exercise of discretion on the circuit court's part." *State ex rel. J.H. Findorff & Son, Inc. v. Circuit Ct. for Milwaukee Cnty.*, 2000 WI 30, ¶20, 233 Wis. 2d 428, 608 N.W.2d 679; *see also Tietsworth*, 303 Wis. 2d 94, ¶34. Ministerial duties are those that are "absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion."

*Findorff*, 233 Wis. 2d 428, ¶20 (quoting *Lister v. Board of Regents*, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976)).

¶29     Custom Homes and Soria agree that the actions taken by the circuit court on remand after *Soria I*—dismissing Soria's theft by contractor claims, vacating portions of the judgment relating to those claims, and determining the amount of Soria's prejudgment interest—constituted "specific actions" under WIS. STAT. § 808.08(1).  We concur.  Those duties are "purely ministerial" because the "time, mode and occasion" for the performance of each duty was prescribed in *Soria I* "with such certainty that nothing remains for judgment or discretion."  *See Findorff*, 233 Wis. 2d 428, ¶20 (citation omitted).  Indeed, our supreme court has stated that "a remand with instructions to dismiss a complaint, cross-claim, or counterclaim" and "a remand with instructions to impose statutory costs" are ministerial duties.  *Id.*, ¶20 n.10.

¶30     Nonetheless, Soria argues that *Soria I* authorized the circuit court to conduct "further proceedings" under WIS. STAT. § 808.08(3).  Section 808.08(3) applies when an appellate court orders a circuit court to "take 'action' or proceedings other than the 'specific action' or new trial described in subsections (1) and (2)."  *Tietsworth*, 303 Wis. 2d 94, ¶36 (citing § 808.08(3)).  In support of his position, Soria points to this court's mandate in the "Conclusion" section of *Soria I*:  "For the foregoing reasons, the orders of the circuit court are affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion."  *Soria I*, No. 2017AP1693, ¶88.  Soria contends that, whenever an appellate court orders "further proceedings," the circuit court on remand has the authority to "allow claims to be reopened, allow pleadings to be amended, or order new trials."  Additionally, Soria points to a

portion of ***Tietsworth*** in which our supreme court analyzed a mandate similar to the mandate in ***Soria I***:

> When appellate courts intend to remand the case for action or proceedings under [] § 808.08(3), they normally issue mandates like the following: … "The decision of the court of appeals is affirmed in part; reversed in part, and the cause is remanded to the circuit court for further proceedings consistent with this opinion."

*See **Tietsworth***, 303 Wis. 2d 94, ¶41 (quoting ***Megal v. Green Bay Area Visitor & Convention Bureau***, 2004 WI 98, 274 Wis. 2d 162, 181-82, 682 N.W.2d 857). For the following reasons, we conclude that Soria misinterprets both ***Tietsworth*** and our mandate in ***Soria I***.

¶31      In ***Tietsworth***, our supreme court provided examples of mandates from prior case law to illustrate how appellate courts remand for circuit court action and proceedings under WIS. STAT. § 808.08.  ***Tietsworth***, 303 Wis. 2d 94, ¶41.  Each of those mandates used the phrase "further proceedings." ***Id.*** (citations omitted).  The court stated that "[t]hese mandate lines could also be used when appellate courts are ordering 'specific action' under []§ 808.08(1)." ***Id.***, ¶41 n.7. In other words, our supreme court stated that an appellate court's use of the phrase "further proceedings" can mean that the appellate court is remanding under § 808.08(1).  The obvious concept is that even an act of a circuit court directed by an appellate court under § 808.08(1) can constitute a "further proceeding." Therefore, our conclusion that ***Soria I*** remanded only for "specific action" under § 808.08(1) is unaltered by ***Tietsworth***.

¶32      Moreover, Soria misinterprets this court's mandate in the "Conclusion" section of ***Soria I***.  When construing a court's mandate, we consult the text of the opinion to determine the meaning of that mandate.  *See **id.***, ¶¶44-45.

In this case, the instructions in the text of *Soria I* clearly remanded the case to the circuit court exclusively for the purpose of dismissal of the theft by contractor claims and determination of prejudgment interest. *Soria I*, No. 2017AP1693, ¶¶56, 78. Nothing in the text or mandate of *Soria I* can be reasonably interpreted as directing the circuit court to perform tasks on remand such as amending the judgment to include Soria's new requests based on asserted embezzlement. Therefore, we conclude that the phrase "further proceedings" in the mandate in *Soria I* did not, and does not, mean "further proceedings" under WIS. STAT. § 808.08(3) as Soria contends.

¶33 Given the specific discussion in *Soria I*, here the phrase "further proceedings" has a narrow meaning. Our supreme court has explained that, under WIS. STAT. § 808.09, the circuit court

> has authority, without explicit direction, to address collateral matters 'left open' in the case, such as costs, preparation and entry of necessary documents, and correction of clerical or computational errors, so long as these actions do not undo the decision of the appellate court. However, there can be no amendments in the trial court that conflict with the expressed or implied mandate of the appellate court.

*Tietsworth*, 303 Wis. 2d 94, ¶32. Indeed, such a "collateral matter" was left open and appropriately resolved by the circuit court here when, on remand, the circuit court granted Soria's request to add to the judgment $500.00 statutory attorney fees.

¶34 Of importance to our analysis is that our supreme court has stated that this court, not the circuit court, is the proper place for Soria to request clarification of our mandate in *Soria I*:

> If Tietsworth believed the mandate favored reopening the case, he should have filed a motion under WIS. STAT.

> § (RULE) 809.14 to clarify the effect of our mandate or a motion for reconsideration under WIS. STAT. § (RULE) 809.[24[7]]. *See **Johann v. Milwaukee Elec. Tool Corp.***, 270 Wis. 573, 579, 72 N.W.2d 401 (1955) (finding that where party finds any ambiguity in the opinion or the mandate the proper place to raise the issue is before the court that issued the mandate and not before the trial court); ***State ex rel. Lisbon Town Fire Ins. Co. v. Crosby***, 240 Wis. 157, 159, 2 N.W.2d 700 (1942); ***State ex rel. Blackdeer v. Township of Levis***, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993).
>
> Parties should follow this procedure because it promotes finality and protects scarce judicial resources by permitting the court that issued the mandate to resolve any ambiguity. *Cf.* ***Blackdeer***, 176 Wis. 2d at 260 n.4, 500 N.W.2d 339.

*Id.*, ¶¶48-49 (footnotes omitted). Despite this direction from the supreme court, Soria did not raise any purported ambiguity in our mandate in *Soria I* in this court in his motion to reconsider following *Soria I*.

¶35 In sum, in *Soria I* we remanded this case to the circuit court for the following "specific action[s]" under WIS. STAT. § 808.08(1): dismissing Soria's theft by contractor claims, vacating portions of the judgment relating to those claims, and determining the amount of Soria's prejudgment interest to be added to the judgment. In remanding the case for "further proceedings," *Soria I* authorized the circuit court to perform additional actions left open that did not conflict with the express or implied mandate of this court, such as a request for statutory attorney fees as occurred here. As a result, it is evident that this court did not authorize the circuit court to conduct "further proceedings" under § 808.08(3) to consider Soria's embezzlement-related assertions.

---

[7] A motion for reconsideration in the court of appeals is filed pursuant to WIS. STAT. RULE 809.24.

**B. The Circuit Court Properly Denied Soria's Motions.**

¶36    As a separate basis to affirm the order of the circuit court, Custom Homes argues that Soria forfeited his current request to amend the judgment because Soria did not make any claims or arguments regarding embezzlement in the circuit court before we issued *Soria I*, and Soria waited to do so until this court remanded the case to the circuit court.  As we now explain, Soria forfeited this issue because he failed to claim embezzlement, and failed even to advance an argument based on the concept of embezzlement, in the circuit court before the appeal that led to *Soria I*.  Only after we remanded the case to the circuit court did Soria *for the first time* purport to advance an embezzlement assertion, and we reject each of Soria's arguments that he has not forfeited the opportunity to request an amended judgment based on an embezzlement assertion.

## 1. Not "Technical Formalities."

¶37    As a threshold issue, Soria argues that Custom Homes' arguments for forfeiture raise only "technical formalities" that should be ignored by this court.  He points to the terms of WIS. STAT. § 802.09(2) regarding the amendment of pleadings for the proposition that "the achievement of justice should not be subjugated to formal technicalities."  Soria fundamentally confuses the rules governing the amendment of pleadings with the forfeiture doctrine, a well settled doctrine which we now summarize.

¶38    Whether a party properly preserved an assertion or argument is a question of law that we review de novo.  *State v. Mercado*, 2021 WI 2, ¶32, 395 Wis. 2d 296, 953 N.W.2d 337.  "'[O]ne of the rules of well nigh universal application established by courts in the administration of the law is that questions not raised and properly presented for review in the trial court will not be reviewed

on appeal.'" ***Vollmer v. Luety***, 156 Wis. 2d 1, 10, 456 N.W.2d 797 (1990) (citation omitted). This is known as the "forfeiture rule" because issues not preserved in the circuit court are deemed forfeited.[8] ***State v. Huebner***, 2000 WI 59, ¶11, 235 Wis. 2d 486, 611 N.W.2d 727. "The [forfeiture] rule is not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." ***Id.*** (citing ***Freytag v. Commissioner of Internal Revenue***, 501 U.S. 868, 894-95 (Scalia, J., concurring) (citing 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2472 at 455 (1971))). "The rule promotes both efficiency and fairness, and 'go[es] to the heart of the common law tradition and the adversary system.'" ***Id.***, ¶11 (citing ***State v. Caban***, 210 Wis. 2d 597, 604-05, 563 N.W.2d 501 (1997)). The forfeiture rule serves important objectives. ***Id.***, ¶12; ***Vollmer***, 156 Wis. 2d at 10-11. First, "[r]aising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal," and thereby resulting in efficient judicial administration. ***Huebner***, 235 Wis. 2d 486, ¶12; ***Vollmer***, 156 Wis. 2d at 11. Second, a timely and contemporaneous objection gives the parties and the circuit court notice of the issue and a fair opportunity to address the objection through argument. ***Huebner***, 235 Wis. 2d 486, ¶12. Third, the forfeiture rule "encourages attorneys to diligently prepare for and conduct trials." ***Id.***; *see* ***Vollmer***, 156 Wis. 2d at 11.

---

[8] Our supreme court has recognized that the previously used phrase, "waiver rule," is "imprecise," and it is "better to label" this as the "forfeiture rule" because "it refers to the forfeiture of a right by silence rather than the intentional relinquishment of a known right." ***State v. Huebner***, 2000 WI 59, ¶11 n.2, 235 Wis. 2d 486, 611 N.W.2d 727.

¶39    For those reasons, the arguments regarding forfeiture raised by Custom Homes that we address in the following subsections of this opinion are not "technical formalities," and will not be ignored by this court as Soria requests.

### 2.  Soria Did Not Plead Embezzlement in His Complaint.

¶40    Custom Homes argues that Soria forfeited the opportunity to request an amended judgment based on assertions of embezzlement because Soria failed to state a cause of action for embezzlement in his complaint.  *See Allen v. Wisconsin Pub. Serv. Corp.*, 2005 WI App 40, ¶20, 279 Wis. 2d 488, 694 N.W.2d 420.  Embezzlement is one form of theft enumerated in the lengthy WIS. STAT. § 943.20, and the elements of the crime of embezzlement are set forth in § 943.20(1)(b).  *See State v. Swift*, 173 Wis. 2d 870, 880, 496 N.W.2d 713 (Ct. App. 1993) (citing WIS JI—CRIMINAL 1444).

¶41    Soria contends that he sufficiently articulated this cause of action because his complaint stated that Custom Homes' conduct was "punishable under" WIS. STAT. § 943.20.  We disagree.  Never once in the complaint did Soria reference "embezzlement" or "theft."  His only mention of § 943.20 in the complaint was the following:  "By failing to pay [Soria], [Custom Homes] violated WIS. STAT. § 779.02(5) which is punishable under [] § 943.20 for which a civil cause of action is available through WIS. STAT. § 895.446(1)."

¶42    The highly generalized reference that Soria made in the complaint to "WIS. STAT. § 943.20," which lacked any reference to "embezzlement," "theft," or § 943.20(1)(b), fails to support his contention that he pled the cause of action of embezzlement.  The only reasonable reading of Soria's complaint is that the sole alleged statutory violation concerned WIS. STAT. § 779.02(5) (the theft by

contractor statute). No cause of action based on allegations of embezzlement or a violation of § 943.20(1)(b) can be read into the complaint.

¶43 As a result, Soria's assertion that his complaint stated a cause of action for embezzlement fails and contributes to our conclusion that Soria forfeited a request for an amendment of the judgment after remand.

### 3. Soria Did Not Request a Jury Instruction or Verdict Question on Embezzlement.

¶44 Custom Homes contends that Soria's failure to request a jury instruction or special verdict question on embezzlement during or before trial further contributes to his forfeiture of the opportunity to request an amended judgment. Under WIS. STAT. § 805.13(3),[9] a party's failure to object to proposed jury instructions or verdict questions at the jury instruction conference results in the forfeiture of any error in the proposed instructions or verdict, and our supreme court has recognized that this statute represents the policy that "parties should

---

[9] WISCONSIN STAT. § 805.13(3) provides in full:

> (3) INSTRUCTION AND VERDICT CONFERENCE. At the close of the evidence and before arguments to the jury, the court shall conduct a conference with counsel outside the presence of the jury. At the conference, or at such earlier time as the court reasonably directs, counsel may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions. The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit. Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. *Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.*

(Emphasis added.)

marshal the relevant facts and law prior to trial." ***Best Price Plumbing, Inc. v. Erie Ins. Exch.***, 2012 WI 44, ¶41, 340 Wis. 2d 307, 814 N.W.2d 419.

¶45    Soria contends that he timely objected to the lack of embezzlement language in the jury instructions at the instruction conference and "asked for an instruction on the elements of embezzlement." However, our review of the record and the record citations relied on by Soria in his briefing in this appeal establish that Soria significantly misstates the record. Soria never requested an instruction or verdict question on embezzlement and never objected to the lack of embezzlement-related language in the jury instructions or the verdict questions. Soria never mentioned the term "embezzlement" regarding the instructions or verdict and did not provide to the circuit court any authority setting forth the elements of an embezzlement claim under Wisconsin law.

¶46    Failure to seek pertinent instructions and verdict questions further contributes to our conclusion that Soria forfeited his opportunity to request an amended judgment based on assertions of embezzlement.

### 4. Embezzlement Was Not Raised in Post-Verdict Motions.

¶47    Custom Homes argues that Soria forfeited the opportunity to make a request for an amended judgment based on an assertion of embezzlement because Soria did not include any alleged error regarding embezzlement in his post-verdict motions. A party's failure to include alleged errors in its motions made after the verdict constitutes a forfeiture of those errors. ***Ford Motor Co. v. Lyons***, 137 Wis. 2d 397, 417, 405 N.W.2d 354 (Ct. App. 1987); *see also* ***Calero v. Del Chem. Corp.***, 68 Wis. 2d 487, 497, 228 N.W.2d 737 (1975) ("The law is clear that the failure to point out with particularity the grounds for error in a motion after verdict constitutes a waiver of such errors." (citation omitted)). The purpose of this rule is

No. 2020AP1931

to "apprise the trial court of the alleged error and give it an opportunity to correct it, thereby avoiding a costly and time consuming appeal." ***Ford Motor Co.***, 137 Wis. 2d at 417 (quoting ***Calero***, 68 Wis. 2d. at 497). Soria's failure to include in his motions after the verdict arguments regarding embezzlement further contributes to our conclusion that Soria forfeited any request for a judgment based on an assertion of embezzlement after remand. *See **id.***, 137 Wis. 2d at 417.

### 5. No Harmless Error.

¶48     Soria argues that, if he committed any error before the remand ordered in ***Soria I***, the "harmless error" doctrine requires that this court disregard that error. *See* WIS. STAT. § 805.18. Under § 805.18(1), "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." For an error "to affect the substantial rights" of a party, there must be a "reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." ***Weborg v. Jenny***, 2012 WI 67, ¶68, 341 Wis. 2d 668, 816 N.W.2d 191.

¶49     Soria's contention goes nowhere. It fails for at least the following reasons. If, as we conclude, Soria's failures to plead and argue embezzlement at every stage of the proceedings until the remand of this case are determined to constitute forfeiture of Soria's opportunity to obtain a judgment against Custom Homes for embezzlement, then Soria will continue to have only the judgment awarded to date. However, Soria requests that we reverse the circuit court's decision denying his request to increase the amount of his judgment award and completely ignore the errors that contributed to his forfeiture. It goes without saying that this would "affect the substantial rights" of Custom Homes because the

20

outcome of this case would be significantly adverse to Custom Homes, which would owe much more money to Soria. *See* WIS. STAT. § 805.18(1).

¶50    Therefore, under WIS. STAT. § 805.18, Soria's errors are not harmless.[10]

### 6.  Interests of Finality.

¶51    Soria argues that the "interests of finality" support his requested relief of an amended judgment based on embezzlement.  We reject this argument because it is directly contradictory to our supreme court's analysis in *Tietsworth*. There, a party requested to "reopen their case and amend their complaint" after dismissal of the complaint on the merits.  *Tietsworth*, 303 Wis. 2d 94, ¶1.  Our supreme court rejected that request and, pertinent to Soria's contention, stated:

> Our holding today furthers the interests in finality, fairness, and efficiency by holding parties responsible for their deliberate choice of strategy and by preventing piecemeal litigation.  It also enforces compliance within the judicial system.  *See Ins. Corp. of Am. v. Barker*, 628 A.2d 38, 41 (Del.1993).  The holding protects the interest in finality by preventing Tietsworth from having another "kick at the cat."  *See Sutter [v. State, Dept. of Nat. Resources]*, 69 Wis. 2d at 715, 233 N.W.2d 391.

*Id.*, ¶51.  The court also noted:

---

[10] In a similar vein, Soria argues that this court should affirm the "result" of the jury's verdict by deciding that Custom Homes' conduct constituted embezzlement, even though Soria never raised the issue of embezzlement in the circuit court before remand.  We reject this contention for the reasons noted elsewhere in this opinion, which we need not repeat here.  In addition, we reject this argument because Soria raises it for the first time in his reply brief. *Techworks, LLC v. Wille*, 2009 WI App 101, ¶28, 318 Wis. 2d 488, 770 N.W.2d 727 ("[W]e do not consider matters argued for the first time in a reply brief because that precludes the respondent from being able to address those arguments.").

> Our decision in this matter promotes finality and fairness by holding parties responsible for the consequences of their deliberate choices of strategy. As stated in *Sutter*, "Justice does not require that plaintiffs be twice afforded their day in court." *Sutter*, 69 Wis. 2d at 719, 233 N.W.2d 391. If Tietsworth had wanted to amend his complaint to add or substitute the contract-based claims, he should have sought leave to amend the complaint [in the circuit court years earlier].

*Id.*, ¶61.

¶52     In sum, as a separate basis to affirm the order of the circuit court, we conclude that Soria forfeited his opportunity to request an amended judgment based on an assertion of embezzlement.

### C. Soria Fails to Demonstrate That the Circuit Court Had Authority to Amend the Judgment.

¶53     In addition to the reasons already discussed regarding our conclusion that Soria's motions in the circuit court and his appeal must be rejected, Soria also fails to demonstrate that the circuit court had the authority to amend the judgment on remand based on an assertion of embezzlement.[11]

¶54     We pause to summarize our understanding of Soria's argument. In his post-remand motions for "further proceedings" in the circuit court requesting an amended judgment stating that Custom Homes committed embezzlement and

---

[11] Soria also provides a lengthy discussion of the history of embezzlement laws. Further, Soria attempts to reargue the "homeowners' consent" element of his theft by contractor claim decided by this court in *Soria v. Classic Custom Homes of Waunakee, Inc.*, No. 2017AP1693, unpublished slip op. (WI App July 11, 2019) ("*Soria I*"), and urges this court to, in effect, reverse our decision in *Soria I* even though we have previously denied Soria's motion for reconsideration and our supreme court has rejected Soria's petition for review. Those issues have been decided against Soria and are final.

an award for exemplary damages based on Custom Homes' alleged embezzlement, Soria repeatedly relied on WIS. STAT. § 802.09(2), which addresses amendments of the pleadings.[12] The circuit court denied Soria's motion under § 802.09, reasoning that "justice does not support allowing an amendment of the pleadings." The circuit court's statement referencing amending pleadings may be understandable in light of Soria's express reliance on a statute concerning amendment of the pleadings even though Soria requested only an amended judgment. The circuit court did not explicitly address Soria's request to amend the judgment, but Soria interprets the circuit court's ruling as denying his motions to amend the judgment. We also interpret the circuit court's order in that manner.

¶55    In briefing in this court, Soria refers to his circuit court motions as requesting an amended judgment and again relies on WIS. STAT. § 802.09(2). Thus, we interpret Soria's position on appeal as requesting only an amended judgment. Consequently, we also interpret Soria's references to § 802.09 not as a

---

[12] WISCONSIN STAT. § 802.09(2) states:

> AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

request to amend his pleadings, but as a reference supporting his argument that the circuit court erroneously failed to amend the judgment.[13]  We now return to Soria's argument.

¶56    To support his request for an amended judgment, Soria contends that WIS. STAT. § 802.09 not only authorizes a circuit court to amend pleadings, but also to amend a judgment.  ("The statute requires that the pleadings, and thus the judgment, can and 'shall be' amended, at any time, 'even after judgment.'").  However, Soria does not cite to any authority that interprets § 802.09 as authorizing a circuit court to amend a judgment.  Furthermore, Soria does not attempt to apply the facts of this case to the framework of § 802.09, even after Custom Homes provided that framework in its response brief.  We will not

---

[13]  Even if Soria had requested that the circuit court allow an amendment of the pleadings to add a claim for embezzlement after remand, Soria's request would be properly rejected by the circuit court.  As stated by our supreme court:

> The liberal policy embodied in WIS. STAT. § 802.09(1) does have limitations.  The presumption in favor of amendment, which is grounded in a statute whose chapter is entitled "Pleadings, Motions and Pretrial Practice," applies logically only before judgment has been entered in the case.  Once judgment has been entered, the presumption in favor of amendment disappears in order to protect the countervailing interests of the need for finality.
>
> ….
>
> When this court decided in [a prior appeal in the same case] to reverse the court of appeals and thereby affirm the circuit court's dismissal of Tietsworth's complaint, this court's decision became the law of the case.  At that point, neither the circuit court nor the court of appeals had authority to grant leave to amend Tietsworth's complaint without a clear directive from this court.

*Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶¶26, 29, 303 Wis. 2d 94, 735 N.W.2d 418 (internal citations omitted).

abandon our neutral role to develop Soria's argument for him. *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

¶57    In sum, we conclude that Soria fails to demonstrate that WIS. STAT. § 802.09, or any other authority, authorized the circuit court to amend the judgment in these circumstances.

### D.  Soria's Assertions Regarding Embezzlement Were Rejected in *Soria I*.

¶58    As another separate basis to affirm the order of the circuit court, we conclude that a necessary premise to Soria's argument about embezzlement fails for the reasons we now discuss.

¶59    One necessary premise to Soria's argument is that *Soria I* reversed only the jury's finding about the element of lack of consent by the homeowners. For this reason, the premise continues, *Soria I* did not reverse the jury's determinations about the other elements of the theft by contractor claims, and those remaining determinations by the jury support his new embezzlement assertions.  However, as we have already noted, in *Soria I* this court did not reverse just one element of the jury's decision on the theft by contractor causes of action.  Rather, this court remanded this case for the circuit court to dismiss "with prejudice" Soria's theft by contractor claims, *Soria I*, 2017AP1693, ¶56, and that is a dismissal on the merits.  *See State v. A.G.R., Jr.*, 140 Wis. 2d 843, 847, 412 N.W.2d 164 (Ct. App. 1987) (holding that a dismissal with prejudice is a judgment on the merits).  Accordingly, *Soria I* did not, as Soria asserts, leave the remaining determinations of the jury regarding the theft by contractor claims "unreversed."

¶60    That point is confirmed in two ways.  First, we note that in *Soria I* this court did not take up other issues raised by the parties concerning argued

failures of proof regarding the theft by contractor claims. "Our conclusion that the record contains no credible evidence regarding the consent of the owners is dispositive of Soria's theft by contractor cause of action, and we do not address the other theft by contractor issues raised by the parties, such as whether there was a bona fide dispute." *Soria I*, 2017AP1693, ¶36 n.7. This undercuts Soria's repeated argument that all other determinations by the jury regarding the theft by contractor claims were affirmed by this court and form a basis for Soria's recent assertion of embezzlement. Second, Soria contends that we must have affirmed all but one determination by the jury regarding the theft by contractor claims because this court decided that Soria was to receive prejudgment interest. However, Soria is wrong because Soria's request for prejudgment interest was based not on the theft by contractor claims but on his successful breach of contract claim. *See id.*, ¶¶74, 76.[14]

¶61     In sum, a necessary premise for Soria's argument fails, and that is a separate basis to affirm the order of the circuit court.

¶62     Therefore, we affirm the circuit court's ruling denying Soria's motions for "further proceedings" which requested that the circuit court amend the judgment to conclude that Custom Homes committed embezzlement and to amend

---

[14] Further, Soria contends that the elements of the theft by contractor claim under WIS. STAT. § 779.02(5) include all the elements of an embezzlement claim under WIS. STAT. § 943.20(1)(b), as well as the additional element of absence of consent. Put another way, Soria contends that "the absence of consent is not an element of embezzlement." Soria is wrong. As this court has stated: "One element of embezzlement is that the defendant knowingly and intentionally used someone else's money *without their consent* and contrary to the defendant's authority. *See* WIS JI—CRIMINAL 1444." *State v. Swift*, 173 Wis. 2d 870, 880, 496 N.W.2d 713 (Ct. App. 1993) (emphasis added); WIS JI—CRIMINAL 1444.

the judgment to include an award for exemplary damages based on that purported embezzlement.

## II. Custom Homes' Cross-Appeal.

¶63    Custom Homes argues that the circuit court erred in determining that Soria's motions for further proceedings filed in the circuit court requesting amendments to the judgment based on assertions of embezzlement were not frivolous.  We agree with Custom Homes on the frivolousness issue, reverse the circuit court's ruling, and remand this case for the circuit court under WIS. STAT. § 802.05 to determine the appropriate sanction or sanctions to be assessed against Soria's attorney.  We begin by mentioning pertinent matters for context.

¶64    Custom Homes' motion is based solely on WIS. STAT. § 802.05 and requests sanctions available pursuant to § 802.05(3)(b), including an award of attorney fees incurred and costs incurred.[15]  The standards to be applied to a motion that is allegedly frivolous are noted in subpart (2) of § 802.05.[16]  Custom

---

[15] In briefing in this court, Custom Homes includes a citation to WIS. STAT. § 814.025, although that statute is not mentioned in Custom Homes' motion filed in the circuit court. However, § 814.025 was repealed more than sixteen years ago. *Trinity Petroleum, Inc. v. Scott Oil Co.*, 2007 WI 88, ¶3, 302 Wis. 2d 299, 735 N.W.2d 1 ("This court adopted new WIS. STAT. (Rule) § 802.05 (2005-06), pursuant to its rule-making authority under WIS. STAT. § 751.12 (2005-06), by Supreme Court Order 03-06 on March 31, 2005.  Supreme Court Order 03-06 repealed both WIS. STAT. §§ 802.05 and 814.025 (2003-04), and recreated WIS. STAT. (Rule) § 802.05 (2005-06)." (footnotes omitted)).

[16] WISCONSIN STAT. § 802.05(2) states:

REPRESENTATIONS TO COURT. By presenting to the court, whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following:

(continued)

Homes' motion does not rely on any particular subpart of § 802.05(2). Nonetheless, the only portions of Custom Homes' motion filed in the circuit court that described an alleged violation of § 802.05(2) noted exclusively that Soria's motion was not warranted by existing law or by any non-frivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law. For that reason, we construe Custom Homes' motion as being solely pursuant to § 802.05(2)(b).

¶65 Custom Homes requests sanctions against both Soria personally and his attorney who signed the motion. However, WIS. STAT. § 802.05(3)(b)1. states that no monetary sanction can be assessed against a *party* for a violation of § 802.05(2)(b). Moreover, Custom Homes makes no assertion that Soria personally signed the motions at issue or that there is evidence that Soria, as the party, took any action concerning those motions. For those reasons we construe Custom Homes' motion as requesting sanctions solely against the attorney for Soria who signed the motions.

---

(a) The paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(b) The claims, defenses, and other legal contentions stated in the paper are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(c) The allegations and other factual contentions stated in the paper have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(d) The denials of factual contentions stated in the paper are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

¶66     Custom Homes contends, and Soria does not dispute, that our review of the circuit court's decision regarding the frivolousness aspect of the application of WIS. STAT. § 802.05(2)(b) is de novo. *Wisconsin Chiropractic Ass'n v. State of Wis. Chiropractic Examining Bd.*, 2004 WI App 30, ¶16, 269 Wis. 2d 837, 676 N.W.2d 580 ("[T]he issue of whether a legal theory is justified by existing law or a good faith argument for a change in the law [under s. 802.05] presents a question of law, and our review on this issue is therefore de novo."). However, the determination of an appropriate sanction or sanctions under § 802.05(3) is for the circuit court to determine in the first instance, not this court. *Schultz v. Sykes*, 2001 WI App 255, ¶8, 248 Wis. 2d 746, 638 N.W.2d 604 ("[I]t is well settled that we review a circuit court's decision" on the particular sanction it chooses "for an erroneous exercise of discretion.").

¶67     Soria's only arguments in this appeal responding to Custom Homes' contention that sanctions are merited based on frivolous arguments made by Soria's attorney to the circuit court are those that we have already rejected regarding the requests to amend the judgment based on asserted embezzlement.

¶68     For the reasons we have noted in detail earlier in this opinion, the motions signed by Soria's attorney were not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or the establishment of new law. We need not restate here our conclusions discussed above which rejected each of Soria's arguments regarding: our directions on remand; forfeiture; the circuit court's lack of authority to amend the judgment; and the failure of a necessary premise to the embezzlement assertions. Any one of those conclusions are dispositive as rejecting Soria's motions, and we have explained why there was no plausible legal argument for those motions. The lack of any basis for those motions should have been manifest to any reasonable

29

attorney, and we conclude that the motions were frivolous as set forth in WIS. STAT. § 802.05(2)(b).[17] With that conclusion, it is now for the circuit court, following remand of the case, to apply the proper standards under § 802.05(3) to determine what sanction or sanctions are appropriate. It will be for the circuit court in its discretion to determine the sanctions issue.

## CONCLUSION

¶69 For the foregoing reasons, the judgment of the circuit court is affirmed, we reverse the ruling of the circuit court concerning Custom Homes' motion for sanctions, and we remand this case to the circuit court for a determination of the appropriate sanction or sanctions to be assessed against Soria's attorney.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[17] Custom Homes did not file a separate motion in this court asking that Soria's appeal be declared frivolous and, as a result, we lack authority to address that potential issue. ***Howell v. Denomie***, 2005 WI 81, ¶19, 282 Wis. 2d 130, 698 N.W.2d 621 ("In order for parties before the court of appeals to have the proper notice and opportunity to be heard, parties wishing to raise frivolousness must do so by making a separate motion to the court, whereafter the court will give the parties and counsel a chance to be heard.").